MARSTON & WINTER, Administrators, *v.* W. NOBLE & J. BAKER.

The defence to the plaintiffs' action on a promissory note, was that the note belonged to the estate of
*Kemp*, that it was not a negotiable instrument, and that there being no judicial order for its trans-
fer shown, no lawful title passed to the transferee. The note, after being endorsed in blank by
*Noble*, the payee, and by *Lea*, in his individual capacity, went into the hands of *Bullard*. Held,
There is no affirmative evidence impeaching the validity of this transfer, as one detrimental to the
estate of *Kemp*, and, *Noble* having been notified of the transfer some time before suit brought,
and no payment having been made to the estate on account of the note, there is no equitable rea-
son for turning plaintiff out of court, for not showing a judicial authorization of transfer to him.
Reservation made as upon a like objection in the case of *Stansborough* v. *McCole*, 4 An. 322.

APPEAL from the District Court of the parish of East Baton Rouge. *Rob-
ertson*, J. *Brunot*, for plaintiffs and appellant. *Dunn*, for defendant.

SLIDELL, C. J. The action is based upon a note of the following tenor:

$300                                BATON ROUGE, January 4, 1842.

Three years after date I promise to pay to the order of *William Noble*, and
at the Branch of the Bank of Louisiana, at Baton Rouge, the sum of three
hundred dollars and          cents, for value received, with ten per cent. interest
from due till paid, the sum of three hundred dollars, to be reduced proportion-
ally, should the amount of land on the title papers be less than 400 arpents.

(Endorsed,)                                JAMES W. BOATNER.

WILLIAM NOBLE,

WILLIAM D. LEA."

*Noble* is sued as endorser, and there is a prayer for the enforcement of a
mortgage given to secure the note upon certain land in the possession of *Baker*.

It appears that this note, with two others of like amount, was given by
*Boatner*, on account of the price of land bought of him at a probate sale, in
the matter of the succession of *Kemp*. The tract was represented as con-
taining 400 acres, more or less, and was sold at the rate of $2 50-100 per acre,

with an understanding that there should be a proportional reduction in case of a deficiency of quantity. The whole price was $1,000, of which $100 was paid in cash.

The first objection made to the plaintiffs' recovery was that the note belonged to the estate of *Kemp*, that it was not a negotiable instrument, and that there being no judicial order for its transfer shown, no lawful title passed to the transferee, *Bullard*.

The note, after being endorsed in blank by the payee, and by *Lea* in his individual capacity, went into the hands of *Bullard*. There is no affirmative evidence impeaching the validity of this transfer, as one detrimental to the estate of *Kemp*; there is evidence that *Noble* was informed of its transfer as far back as 1845, and it is not proved that any payments on account of this note have been made to the estate of *Kemp*, the original holder. Under these circumstances we are of opinion, that there is no equitable reason for turning the plaintiff out of Court, simply because he has not shown a judicial authorization for its transfer to him; and then the interest of the defendant, *Noble*, will be amply protected by making in our decree such a reservation as was made upon a like objection in *Stansborough* v. *McCall*, 4 Annual, 322.

It is shown by the judicial admission of *Noble* that the land contained only 240 arpents. The survey, by which a greater deficiency is claimed, was irregularly conducted, and is not binding on the plaintiff. The proportionate reduction of the note held by the plaintiff leaves a capital sum of $154 16-100, for which, with interest from maturity there must be judgment against *Noble*. The objection made to the certificate of notice, appears to us untenable. We consider the notary as substantially certifying that he mailed the letters.

We are not prepared, upon the evidence before us, to set aside the judgment rendered against *Baker*, the third possessor. The registry of the original mortgage, so far as the certificate exhibited by the transcript speaks, is defective, and so was the registry of the judgment obtained by *Lea*, with respect to the mention made in that judgment of an outstanding note.

It is therefore decreed that the judgment of the District Court, as to said *William Noble*, be reversed, and that the plaintiffs recover of said *William Noble* the sum of $154 16-100, with interest thereon, at the rate of ten per cent. per annum, from the 7th of January, 1845, and costs of suit against said *Noble* in the Court below, and one half of the costs of this appeal; with leave to said *Noble* to bring said sum and interest into Court, for distribution contradictorily with the succession of said *Kemp*, upon due notice given to the proper representative of said succession; the plaintiff to have a right of execution with a like qualification as to the collection made thereon.

And, it is further decreed that the judgment in favor of said *Baker* be affirmed, without prejudice to a further action by plaintiff for the enforcement of his alleged mortgages.

It is further decreed that one half of the costs of the appeal be paid by the plaintiff.